**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Raul Rubio Mascorro,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Bruce Reiser,<br><br>　　　　　　　Respondent. | Case No. 15-cv-2708 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

　　This matter is before the undersigned United States Magistrate Judge on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus.  [Doc. No. 10.] The petition and motion have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, the Court recommends dismissal of the petition.

　　Mascorro, a state prisoner, pleaded guilty to one count of criminal sexual conduct in the first degree and one count of criminal sexual conduct in the second degree.  (Plea Hr'g Tr. at 10 [Doc. No. 11-4].)  As a result, Mascorro was sentenced on November 16, 2012, to concurrent 144-month terms of imprisonment.  (Sentencing Hr'g Tr. at 23-24 [Doc. No. 11-8].)  Mascorro did not directly appeal his conviction or sentence, and he has never (so far as this Court can tell) filed a petition for post-conviction relief in the state courts.

On June 11, 2015, Mascorro filed a petition for a writ of habeas corpus in this District, purportedly under 28 U.S.C. § 2241.  The initial habeas petition was not especially clear about the grounds for relief Mascorro was raising; indeed, it was not even clear from the original petition whether Mascorro was challenging the conviction and sentence discussed above, or whether he was attempting to challenge a concomitant proceeding in Indiana.  Accordingly, this Court asked Mascorro to file an amended habeas petition more clearly setting forth his claims for relief.  [Doc. No. 3.]  The Court also noted that if Mascorro was seeking to challenge the Minnesota criminal judgment pursuant to which he is currently in custody, then 28 U.S.C. § 2254, not § 2241, would be the correct procedural vehicle.

Mascorro filed an amended habeas petition on July 8, 2015, this time specifying that he was challenging his Minnesota conviction and that his petition was being brought pursuant to § 2254.  (Am. Pet. [Doc. No. 4].)  The amended habeas petition expanded upon Mascorro's claim for relief, although that claim remains somewhat difficult to follow.  Mascorro was initially detained in Indiana on the charges for which he was later convicted in Minnesota.  According to Mascorro, the State of Minnesota "never followed the legal claim of process" for transferring him from Indiana to Minnesota.  (Am. Pet. at 2.)  Therefore, Mascorro alleges, the Minnesota courts lacked jurisdiction to enter judgment against him, and his conviction and sentence must be vacated as a result.

Respondent has submitted evidence that the transfer between jurisdictions was effected with Mascorro's consent.  (*See* Waiver of Extradition Form [Doc. No. 11-3].)  That said, this Court need not reach the merits of Mascorro's claim, as his claim is plainly barred by the relevant statute of limitations.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three provisions are plainly inapplicable to this case, as (1) there was never any impediment to Mascorro filing a habeas petition previously; (2) Mascorro is not asserting

3

he is entitled to relief pursuant to a constitutional right only recognized recently by the Supreme Court; and (3) Mascorro's claim is not predicated on any new factual discovery.

Under § 2244(d)(1)(A), then, Mascorro was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Mascorro was sentenced on November 16, 2012. He then had 90 days to file a direct appeal. *See* Minn. R. Crim. P. 28.02, subd. 4(3); Minn. R. Crim. P. 28.05, subd. 1(1). The time for Mascorro to seek direct appellate review therefore expired on February 14, 2013, and because Mascorro did not seek appellate review, the criminal judgment being challenged became final on that date for purposes of § 2244(d)(1)(A). Mascorro then had one year in which to seek habeas relief. He did not file his initial habeas petition until June 11, 2015, which was plainly too late. The limitations period has expired, and Mascorro's habeas petition must be dismissed with prejudice on that basis.

In addition, Mascorro has also failed to exhaust state remedies for his claims, as required by § 2254(b)-(c). It appears that Mascorro has never presented his claim of error in any way to any Minnesota state court. At a minimum, Mascorro has never presented his claim to the Minnesota Court of Appeals or Minnesota Supreme Court in a manner that would entitle him to a ruling on the merits. Moreover, it is exceedingly doubtful that Mascorro may now present his claim for relief in the state courts. *See* Minn. Stat. § 590.01, subd. 4(a) (setting two-year limitations period for petitions for post-conviction

4

review). Thus, in addition to being untimely, Mascorro's claim for relief has been procedurally defaulted and may be dismissed on that basis as well. *See Armstrong v. Iowa*, 418 F.3d 924, 926-27 (8th Cir. 2005) (finding that dismissal with prejudice is appropriate where state prisoner is procedurally barred from raising unexhausted claims in the state courts).

Because it is clear on the face of Mascorro's habeas petition and the relevant state-court records that the petition is barred by the statute of limitations, and because Mascorro has procedurally defaulted his claim for relief, this Court recommends that Respondent's motion be granted and that this matter be dismissed with prejudice.

Only one matter merits further comment. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Mascorro's current habeas corpus petition differently than it is being treated here. Mascorro has not identified, and this Court cannot discern, anything

novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Mascorro not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Respondent's Motion to Dismiss [Doc. No. 10] be **GRANTED**.

2. This matter be **DISMISSED WITH PREJUDICE**.

3. Petitioner Raul Rubio Mascorro's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

4. No certificate of appealability be issued.

Dated: September 16, 2015        s/ *Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.